UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: UNASSIGNED

| | | |
|---|---|---|
| KATZIR'S FLOOR AND HOME DESIGN INC. DBA NATIONAL HARDWOOD FLOORING AND MOULDING,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant. | : | Court No. 24-00206 |

Plaintiff, Katzir's Floor and Home Design Inc., DBA, National Hardwood Flooring & Moulding, by its attorneys, Stein Shostak Shostak Pollack & O'Hara, LLP, complains of Defendant, the United States, and alleges as follows:

**JURISDICTION**

1. This Court's jurisdiction arises under 28 U.S.C. §1581(a), and this action was filed within the time limits prescribed by 28 U.S.C. §2636(a)(1).

2. On June 5 and June 14, 2024, Customs denied five protests filed by Plaintiff covering Entry Numbers 349-09995564, 349-09990177, 349-09992447, 349-09975665, and 349-09997362.

3. On November 21, 2024, Plaintiff filed the instant summons.

4. All duties and taxes are paid.

## PARTIES

5. Plaintiff is a California corporation and is the importer of the subject merchandise.

6. Defendant, United States, is the proper party for decisions taken by CBP, a constituent agency of the U.S. Department of Homeland Security.

## FACTUAL BACKGROUND

7. The merchandise covered by this case consists, in part, of two-layer wood flooring products which were imported under Entry No. 349-09995564 and Entry No. 349-09990177 in May 2018.

8. In 82 Fed. Reg. 27799 published on June 19, 2017, the U.S. Department of Commerce clarified that wood flooring that consists of only two layers is not within the scope of antidumping case number A-570-970.

9. In Customs Message No. 7172303 (6/21/17), citing 82 Fed. Reg. 27799, Commerce notified Customs of the scope clarification for antidumping case number A-570-970.

10. The merchandise covered by this case also consists, in part, of three-layer wood flooring within the scope of A-570-970 that was imported under Entry No. 349-09992447, Entry No. 349-09975665, and Entry No. 349-09997362 in February and May 2018.

11. The exporter for all five shipments is Fusong Jinlong Wooden Group Co. Ltd.

12. On December 3, 2020, Commerce issued final results for the December 2017-November 2018 period for A-570-970 (multilayered wood flooring from PRC) in 85 Fed. Reg. 78118. Commerce determined that several producers/exporters, including Fusong Jinlong Wooden Group Co. Ltd. would have a 0.00% dumping margin for the period of December 1, 2017, through November 30, 2018.

13. In March 2021, the Court of International Trade issued an injunction for entries subject to the final results published in 85 Fed. Reg. 78118 in CIT Court No. 20-03948.

14. Commerce issued a Redetermination of its results on August 24, 2023, in CIT Court No. 20-03948.

15. In its Redetermination, Commerce revised the dumping margin to 2.05% for Fusong Jinlong Wooden Group Co. Ltd. The CIT sustained Commerce's redetermination results on October 30, 2023.

16. After the CIT's order, Commerce published the Amended Final Results on November 15, 2023, in 88 Fed. Reg. 78296.

17. These results state that the dumping margin for Fusong Jinlong Wooden Group Co. Ltd. is 2.05%.

18. Department of Commerce Message No. 4016409 dated January 16, 2024, contains liquidation instructions to Customs for the Jinlong Group. Paragraph 2 in that message states that the sixteen firms listed therein are entitled to the lower rate. This list of importers/customers is redacted.

19. On July 15, 2019, Jinlong Group provided a list of sixteen customers to the Department of Commerce as part of its questionnaire response. National Hardwood Flooring & Moulding is included on this list.

20. At liquidation, U.S. Customs and Border Protection assessed antidumping duties at the China wide rate of 85.13% for all five entries covered by this case. It also assessed countervailing duties at the rate of 8.27% for these entries.

**COUNT I**

21. Plaintiff repeats and incorporates paragraphs 1 through 20 by reference, as though fully set forth herein.

22. Based on Commerce's instructions, Customs should have liquidated Entry No. 349-09992447, Entry No. 349-09975665, and Entry No. 349-09997362 with an antidumping rate of 2.05%.

23. Customs liquidated Entry No. 349-09992447, Entry No. 349-09975665, and Entry No. 349-09997362 contrary to Commerce's instructions.

**COUNT II**

24. Plaintiff repeats and incorporates paragraphs 1 through 20 by reference, as though fully set forth herein.

25. The merchandise imported under Entry No. 349-09995564 and Entry No. 349-09990177 is not within the scope of the antidumping order or countervailing order for multilayered wood flooring from PRC because it only consists of two layers.

26. Customs' liquidation of these two entries with the assessment of antidumping and countervailing duties was erroneous and contrary to the plain scope and language of the orders.

**RELIEF**

27. WHEREFORE, Plaintiff respectfully requests that this Court:

(a) Enter judgment in its favor; and order the government to reliquidate Entry No. 349-09992447, Entry No. 349-09975665, and Entry No. 349-09997362 at the proper antidumping rate of 2.05%.; and

(b) Enter judgment in its favor; and order the government to reliquidate Entry No. 349-09995564 and Entry No. 349-09990177 without the assessment of any antidumping or countervailing duties; and

(c) Award costs, attorneys' fees and other such relief as the court deems equitable and just.

Dated: August 12, 2026

Respectfully submitted,

By: /s/ Kayla Owens

Kayla Owens, Esq.
Stein Shostak Shostak Pollack & O'Hara
Attorneys for Plaintiff
445 South Figueroa Street, Suite 2388
Los Angeles, California 90071
Telephone: (213) 630-8888
Fax: (213) 630-8890
E-Mail: kowens@steinshostak.com